BRIGGS IRON COMPANY *vs.* NORTH ADAMS IRON COMPANY.

A. took and carried away iron ore from the land of B. under a claim of right, and B. took a bond from A. to pay the value of the ore if it should be finally determined to be B.'s property. *Held*, that the bond was a bar to an action of trover by B. for said ore against one who had purchased it of A. ; and that the only remedy was on the bond.

THIS was an action to recover the value of iron ore dug from the Sherman ore-bed, so called, in Lanesborough, and carried to the defendants' furnace, in Adams, and by them used in making iron. At the trial before *Metcalf*, J., the plaintiffs, to prove their title to the ore, introduced several deeds of the real estate in which the ore-bed was situated, tracing their titles

thereto, by mesne conveyances, to a deed of Jared Lane to ·
John Wood and others, made in 1790, and other deeds referred
to in said Lane's deed, and the defendants contended that by
said deed of Lane, neither the plaintiffs' grantors, nor the
plaintiffs under them, took any title to the ore in said land,
but the judge ruled otherwise.  The amount of ore taken was
agreed to be sixteen hundred and eighty-six and a half tons,
and was dug by Nelson H. Stevens and his servants, under a
claim of title to the same from the heirs of Samuel Forbes,
and was purchased by the defendants.   The defendants
offered to prove that the plaintiffs had commenced divers
suits of trespass and replevin against the said Stevens and
others for the said ore, and it was thereupon agreed by parol
between the plaintiffs and said Stevens as follows: " That all
suits should be discontinued except the one brought to test the
title, and that neither party should dig any more ore from the
bed until a decision was had of the said suit, but that each
party might carry away the ore already dug by each;" and there-
upon said suits of trespass and replevin were discontinued.
No more ore was dug by said Stevens, his servants, or the
defendants, and the plaintiffs took from said Stevens a bond
signed by himself, John Adams, and J. E. Marshall, the condi-
tion of which was, that " whereas certain persons acting under
the direction or authority of said Stevens (one of the obligors)
and the heirs of Samuel Forbes, deceased, have entered upon
a certain lot of land in said Lanesboro', known as the Sher-
man ore-bed lot, which lot and the ores therein is claimed by
the said Briggs Iron Company; and having so entered, have
opened pits, dug up the soil, and carried away large quanti-
ties of iron ore found in said lot, claiming a title thereto under
the said Forbes's heirs or otherwise ; and whereas a suit is now
pending in equity in the supreme court, by said Forbes's heirs
and said Stevens, against said Briggs Iron Company, in
which the question of title to said ore-bed is considered, now
if it shall be finally determined in said suit that the Briggs
Iron Company have a title to all said ores or any part thereof
and said Forbes's heirs, or the obligors above named, shall pay
to said Briggs Iron Company all damages occasioned to said

company by said entry, digging, and carrying away of said ore, then this obligation to be void, otherwise in full force and virtue." It appeared also that the defendants took away said ore, a portion before, and a portion after, said agreement and bond were entered into, and the plaintiffs are now seeking to enforce said bond by suit in this court; but the judge ruled that the foregoing evidence was inadmissible.

Under the rulings of the presiding judge, the verdict was returned for the plaintiffs, which was to be set aside if the rulings were erroneous.

*H. L. Dawes,* for the defendants. The tort was waived by the agreement and bond between the plaintiffs and the obligors in the bond, and the remedy was on that alone. The bond contains a covenant to pay for the ore ; *Ensign* v. *Kellogg,* 4 Pick. 1 ; *Plunkett* v. *Meth. Epis. Church,* 3 Cush. 561 ; and to pay a reasonable price therefor ; Story on Sales, § 221 ; *Hoadly* v. *McLaine,* 10 Bing. 487. The plaintiffs, therefore, must rely upon the bond. *Smith* v. *Hodson,* 4 T. R. 211 ; *Peters* v. *Ballistier,* 3 Pick. 495 ; *Allen* v. *Harris,* 1 Ld. Raym. 122 ; *Hewes* v. *Parkman,* 20 Pick. 90. The plaintiffs had parted with the rignt to the possession of the ore; they cannot therefore maintain trover for it. *Fairbank* v. *Phelps,* 22 Pick. 535 ; 2 Greenl. Ev. § 640.

*J. D. Colt,* for the plaintiffs. The evidence offered of the verbal agreement, the discontinuance of the suits, and the giving of the bond was rightly rejected, because, 1. It was immaterial. 2. It was offered to prove a matter which should have been set forth in the answer in avoidance of the action. *St.* 1852, *c.* 312, § 18 ; 2 Kent Com. 286 ; *Broome* v. *Wooton,* Yelv. R. 68.

SHAW, C. J. This is an action of trover to recover damages for a large quantity of iron ore, the property of the plaintiffs, alleged to have been converted by the defendants to their own use. The ground of the plaintiffs' claim is, that they were owners of, and had good title to an ore-bed in the town of Lanesborough ; that certain persons, wrongfully claiming to have title thereto, have dug large quantities of ore; that from these persons, having no property in, or authority to sell

the same, the ore had been carried away, and converted by
the defendants to their own use.   We are to assume for the
purposes of this argument, that the plaintiffs had estab-
lished their title to the ore-bed as claimed.

The defendants, amongst other grounds of defence, offered
a bond in the penalty of $10,000, given to said Briggs Iron
Company, the plaintiffs, by John Adams, James E. Marshall,
and Nelson H. Stevens, some, or all of whom, had been con-
cerned in digging said ore under the claim of title adverse to
that of the plaintiffs.   The condition of the bond recited
these adverse claims, the fact that the said Stevens and
others, under such claim of title, had dug large quantities
of iron ore, and that a suit in equity was then pending, in
which said title was involved, and by which it was expected
to be settled; it then stipulated that in case the said title
should be found in favor of the Briggs Iron Company, to pay
all damage occasioned to said company, by said entries, dig-
gings, and carrying away of said ore.

This evidence was objected to by the plaintiffs, and rejected
by the court, and a verdict was returned for the plaintiffs.   A
new trial is now moved for, on a report of these facts by the
judge who presided at the trial.   On reviewing the subject,
the court are of opinion, that this evidence ought to have
been admitted, and if the facts which it tended to prove, were
satisfactorily proved, viz : that the parties had agreed upon a
mode of adjusting the amount to be paid for the ore taken
out of the bed, whether carried away or not, and for receiv-
ing the payment therefor, it would be a bar to this action.
The ore mentioned in said bond was the same ore, for the
conversion of which this action of tort is brought.   The title
having been determined in favor of the plaintiffs, they had
security, by compact, for the same damages sought to be re-
covered in this action.   A stipulation to pay, was equivalent
to a promise to pay what it was worth.   *Hoadly* v. *McLaine*,
10 Bing. 487.

The court are of opinion, that the recitals and stipulations
in the bond thus taken, amounted to a waiver of an action of
tort, and operated as a license for taking away the ore already

raised, and that such license extended, not only to the obligors, but to all persons purchasing from, or employed by them. Of course, then, the purchase by the defendants, from those thus licensed, was not a tortious conversion by them, for which this action will lie.

*Verdict set aside ; new trial in this court.*